Blake E. Rizzo
Texas Bar No. 24034073
blake@blakerizzolaw.com
**Rizzo B.E., PLLC**
1334 Brittmoore Rd., Suite 1601
Houston, Texas 77043
(832) 259-9054
Counsel for Petitioner

Jason M. Ross
Bar No. AT#0006678
jasonross@davisbrownlaw.com
**DAVIS BROWN LAW FIRM**
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309
515-246-7838
Counsel for Respondents

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/31/2020___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MITSUBISHI INTERNATIONAL CORPORATION

       Petitioner,

VS.

NEW HEAVEN CHEMICALS IOWA LLC
and TSS GROUP

       Respondents.

---

Civil No. 20 Civ. 1317 (AT)

**ORDER CONFIRMING ARBITRATION CONSENT AWARD**

    On February 14, 2020 Mitsubishi International Corporation ("MIC" or "Petitioner") initiated this action by filing its Petition for Confirmation of Arbitration Consent Award (ECF. No. 1). On March 20, 2020, the Parties filed a Joint Stipulation for Entry of Order Confirming Arbitration Consent Award and for Entry of Judgment Based Thereon. For the reasons stated below, the Court finds and orders as follows:

    1.    MIC is a wholly owned U.S. subsidiary of Mitsubishi Corporation (Americas), the US holding company for MIC and certain other MC Group companies in North America, with a place of business located at 1221 McKinney Street, Suite 3500, Houston, TX 77010.

2.	New Heaven Chemicals Iowa LLC is an Iowa corporation with its principal office and place of business located at 1585 380th Street, Manly, IA 50456.

3.	TSS Group is an Indian business organization with its principal office and place of business located at 179 Kavuri Hills Phase-II, Madhapur, Hyderabad-500081 Andhra Pradesh India.

4.	Techtrans Construction India Private Limited, New Savera Projects Private Limited, New Horizon Ind Ventures Private Limited and Nandini Industries India Private Limited are Indian corporations that together comprise TSS Group.

5.	This Court has subject matter jurisdiction over this Petition pursuant to 28 U.S.C. § 1331 as arising under the treaties of the United States. The Petition is an action to enforce a foreign arbitration award under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("UN Convention"), 21 U.S.T. 2517 (1958).

6.	Venue is proper in this Court as this proceeding is brought in any such court in which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could be brought, or in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States. 9 U.S.C. § 204.

7.	The Guarantee and Contract at issue in this case both provide for arbitration in New York, New York.

8.	On February 8, 2019, Petitioner filed its Demand for Arbitration with the International Centre for Dispute Resolution (ICDR), a division of the American Arbitration Association ("AAA").

9.	On March 15, 2019, Respondents filed their Answering Statement.

10.	Thereafter, the Parties entered into a Settlement Agreement and sought to have the Settlement Agreement entered as a consent award before the AAA.

11.	The Consent Award was issued on September 16, 2019.

12.	Pursuant to the terms of the Consent Award, the Respondents were ordered to pay Mitsubishi (i) the sum of $2,768.00 as their share of the administrative fees and expenses and (ii) the sum of $818,359.34 with interest thereon at a rate equal to one percent (1%) above the then-applicable prime commercial lending rate announced by Chase Manhattan Bank, N.A. at its principal New York City office or the maximum lawful rate allowed under applicable law (whichever is lower), from April 8, 2019 until paid, plus reasonable attorney's fees and all costs related to the execution and enforcement of this Agreement, and the enforcement of the Contracts and the Guarantee.

13. Notice of the Petition has been duly served upon Respondents and they are subject to the jurisdiction of this Court.

14. Petitioner has satisfied the United Nations Convention on the Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, et. seq. and the United States Arbitration Act, 9 U.S.C. § 1, et. seq.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Arbitration Consent Award is CONFIRMED.

2. Pursuant to the award, and subject to the terms of the Settlement Agreement, Respondents are required to pay Petitioner (i) the sum of $2,768.00 as their share of the administrative fees and expenses and (ii) $818,359.34 with interest thereon at a rate equal to one percent (1%) above the then-applicable prime commercial lending rate announced by Chase Manhattan Bank, N.A. at its principal New York City office or the maximum lawful rate allowed under applicable law (whichever is lower), from April 8, 2019 until paid, plus reasonable attorney's fees and all costs related to the execution and enforcement of this Agreement, and the enforcement of the Contracts and the Guarantee.

3. The Clerk of Court is directed to enter judgment in favor of the Petitioner in accordance with the rulings set forth above and to close the case.

SO ORDERED.

Dated: March 31, 2020
New York, New York

ANALISA TORRES
United States District Judge